UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL PENA,

                Plaintiff,

-against-

THE STATE OF NEW YORK,

                Defendant.

1:22-CV-0493 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN., United States District Judge:

    Plaintiff Rafael Pena, who appears *pro se* and is currently incarcerated in the Mid-State Correctional Facility ("Mid-State"), brings this action against the State of New York seeking damages. His claims arise from events that allegedly occurred at Mid-State. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

## DISCUSSION

    Under the general venue provision, a federal civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

    Plaintiff alleges that on April 28, 2021, while he was incarcerated in Mid-State, he was assaulted by correctional officers, denied his property and medical attention, and falsely accused

of disciplinary infractions for which he was subsequently punished. He sues the State of New York, which resides throughout the State of New York. Accordingly, it appears that any federal district court within the State of New York is a proper venue for this action under Section 1391(b)(1).

Because Plaintiff alleges that the events giving rise to his claims occurred at Mid-State, which is located in Marcy, Oneida County, New York, which is within the Northern District of New York, *see* 28 U.S.C. § 112(a), the United States District Court for the Northern District of New York is a proper venue for this action under Section 1391(b)(2).

While this court may be a proper venue for this action, the Court may transfer claims to other proper venues "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer sua sponte").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses, (2) the convenience of the parties, (3) the locus of operative

facts, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded to the plaintiff's choice of forum, (9) trial efficiency, and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action because the underlying events occurred in the Northern District of New York, and because relevant documents and witnesses are likely located in that judicial district. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of New York. *See* § 1404(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  January 21, 2022
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge